# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**LINDA THOMPSON, On behalf of the Wrongful**
**Death Beneficiaries of William A. Thompson**                    **PLAINTIFF**

**V.**                                                    **CAUSE NO.: 3:09CV113-SA-SAA**

**BENTON COUNTY BOARD OF SUPERVISORS, et al.**                    **DEFENDANTS**

## ORDER GRANTING MOTION TO DISMISS

Defendants have filed a Second Motion to Dismiss [42] based on Plaintiff's failure to prosecute. For the following reasons, the motion is GRANTED.

Plaintiff filed this action on October 15, 2009, against Benton County, Mississippi, and its' Board of Supervisors. On March 17, 2010, the Court entered an Order allowing Plaintiff's counsel to withdraw. Plaintiff was given until April 7, 2010, to either retain other counsel or notify the court of her intention to proceed pro se. Plaintiff was warned in the Order that "failure to comply with orders of this court may result in sanctions, up to and including dismissal of the case." Plaintiff has failed to comply with the Court's Order. She has not designated new counsel or informed the court of her intent to proceed pro se.

The Defendants filed this Second Motion to Dismiss based on Plaintiff's failure to comply with the Court's Order to retain counsel or proceed pro se. Plaintiff failed to respond to the motion.

Federal Rule of Civil Procedure 41(b) allows the Court to involuntarily dismiss a case if Plaintiff fails to prosecute or to comply with a court order. A dismissal for failure to prosecute is an inherent power of a court, to be exercised in the discretion of the district court. Ford v. Sharp, 758 F.2d 1018 (5th Cir. 1985); Rogers v. Kroger, Co., 669 F.2d 317 (5th Cir. 1982). A dismissal for want of prosecution on the part of the plaintiff is only sanctioned when there is clear evidence of delay or

display of contumacy on the part of the Plaintiff. <u>Dorsey v. Scott Wertzel Servs. Inc.</u>, 84 F.3d 170, 171 (5th Cir. 1996).

Here, the Plaintiff has disregarded the magistrate judge's order to go forward with the case and has failed to respond to Defendants' outstanding motion to dismiss. The Court, having considered the Plaintiff's actions as a whole, is of the opinion that the Plaintiff has failed to prosecute the action and failed to comply with an order of the Court and therefore finds the case should be dismissed with prejudice.

SO ORDERED, this the  14th  day of July, 2010.

 **/s/ Sharion Aycock**         
**U.S. DISTRICT JUDGE**